# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS ALFREDO CAJILEMA AUCANZHALA, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ, Warden of Plymouth County Correctional Facility; PATRICIA H. HYDE, Field Office Director, New England Field Office; U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of The Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, <br><br> Respondents. | Civil Action No. 1:26-CV-13047-AK |

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**ANGEL KELLEY, D.J.**

Petitioner Luis Alfredo Cajilema Aucanzhala, a citizen of Ecuador, has filed a Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking his immediate release, or in the

alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). [Dkt. 1].  Respondents oppose the

Petition, contending that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1225(b)

or 1226(c). [Dkt. 8].  For the reasons set forth below, the Petition is **GRANTED**.

## I.     BACKGROUND

Petitioner is an Ecuadorian national who entered the United States without inspection in

April 2013. [Dkt. 1 ¶ 1].  Petitioner was placed in removal proceedings, which were dismissed by

an Immigration Judge in 2023. [Dkt. 8 at 2].  In April of 2025, the Petitioner was apprehended

1

and served with a Notice to Appear, alleging he was inadmissible pursuant to 8 U.S.C.

§ 1182(a)(6)(A)(i). [Dkt. 8 at 2].  On May 20, 2025, Petitioner was released upon posting bond in

the amount of $8,500, pursuant to 8 U.S.C. § 1226(a). [Dkt. 1 ¶ 1].

On or about June 12, 2026, Petitioner was arrested in Connecticut and charged with

Assault in the Second Degree and Breach of Peace—these charges are still pending. [Dkt. 8 at 2,

Exs. 2 and 5].  On or about June 30, 2026, ICE administratively arrested Petitioner and issued

him a Form I-200, Warrant for Arrest of Alien. [Dkts. 8 at Ex. 6; see also 1 ¶ 21].  Petitioner is

now detained at Plymouth County Correctional Facility, in Plymouth Massachusetts. [Dkt. 1

¶ 1].  Petitioner filed the instant Petition on July 1, 2026, bringing claims under the Immigration

and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.  Respondents

oppose the Petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C.

§§ 1225(b) or 1226(c).

## II.    STATUTORY FRAMEWORK

Two statutes principally govern the detention of "noncitizens" or "aliens" pending

removal proceedings: 8 U.S.C. §§ 1225 and 1226.  Section 1225, which applies to noncitizens

"present in the United States who ha[ve] not been admitted," 8 U.S.C. § 1225(a)(1), "authorizes

the Government to detain certain aliens seeking admission into the country." Jennings v.

Rodriguez, 583 U.S. 281, 289 (2018).  Section 1226, in contrast, "authorizes the Government to

detain certain aliens *already in the country* pending the outcome of removal proceedings." Id.

(emphasis added).  Section 1226(a) establishes a discretionary detention framework for

noncitizens arrested and detained "[o]n a warrant issued by the Attorney General."  For such

individuals, the Attorney General (1) "may continue to detain the arrested alien," (2) "may

release the alien on . . . bond of at least $1,500," or (3) "may release the alien on . . . conditional

parole." 8 U.S.C. §§ 1226(a)(1)-(2).  The arresting immigration officer makes an initial custody

determination, but noncitizens have the right to request a custody redetermination or bond hearing before an immigration judge. <u>See</u> 8 C.F.R. §§ 1236.1(c)(8), (d)(1).  Bond may be denied only if the government "either (1) prove[s] by clear and convincing evidence that [the noncitizen] poses a danger to the community or (2) prove[s] by a preponderance of the evidence that [the noncitizen] poses a flight risk." <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 41 (1st Cir. 2021).

Section 1226(c) is the sole exception to Section 1226(a)'s discretionary detention framework. <u>See</u> 8 U.S.C. § 1226(a) ("Except as provided in subsection (c) . . . the Attorney General . . . may"); <u>id.</u> § 1226(c)(1) ("The Attorney General *shall* take into custody any alien who . . ." (emphasis added)).  Until recently, Section 1226(c) required the detention of noncitizens who are inadmissible or deportable because they have committed or been sentenced for certain criminal offenses, or because they are affiliated with terrorist groups or activities. <u>See</u> <u>id.</u> §§ 1226(c)(1)(A)-(D).  Through the Laken Riley Act, enacted in January 2025, Congress expanded Section 1226(c)'s mandatory detention to a new category of noncitizens who meet two criteria. <u>See</u> Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025) (adding 8 U.S.C. § 1226(c)(1)(E)).  Under the Act, the Attorney General must also detain a noncitizen if he (i) is inadmissible because he is present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A), obtained documents or admission through misrepresentation or fraud, <u>id.</u> § 1182(a)(6)(C), or lacks valid documentation, <u>id.</u> § 1182(a)(7); and (ii) "is charged with, *is arrested for*, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, *or any crime that results in death or serious bodily injury to another person*," <u>id.</u> § 1226(c)(1)(E) (emphasis added).

## III.   DISCUSSION

### A.   8 U.S.C. § 1225(b)

Respondents first maintain that the Petitioner's detention is authorized by 8 U.S.C.

§ 1225(b)(2).  Respondents, however, concede that the legal issues presented in this Petition

concerning detention under 8 U.S.C. § 1225(b)(1) are similar to those recently addressed by this

Court in Gomes Cardoso v. Hyde, et al., No. 25-CV-13935-AK, 2026 WL 468200 (D. Mass.

Feb. 19, 2026).  In Gomes Cardoso, the Court joined other sessions of this Court, and other

courts across the country, in holding that the arrest and detention of noncitizens within the

United States is not governed by 8 U.S.C. § 1225(b) but rather, the discretionary bond hearing

framework under 8 U.S.C. § 1226(a).  On the facts before it, the Court does not find reason to

deviate from the analysis presented in Gomes Cardoso. Thus, Petitioner is not subject to

mandatory detention under 8 U.S.C. § 1225(b).

### B.   8 U.S.C. § 1226(c)

Respondents next contend that Petitioner is also subject to mandatory detention pursuant

to 8 U.S.C. § 1226(c).  Among other things, the Laken Riley Act amended 8 U.S.C. § 1226(c) to

provide that the Attorney General "*shall* take into custody any alien who . . . (i) is inadmissible

under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, *is*

*arrested for*, is convicted of, admits having committed, or admits committing acts which

constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law

enforcement officer offense, or *any crime that results in death or serious bodily injury to another*

*person*." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added).  Here, because Petitioner was recently

arrested and charged with Assault in the Second Degree in Connecticut, Respondents argue his

detention falls squarely within the parameters of 8 U.S.C. § 1226(c). [Dkt. 8 at 4].

Assuming without deciding that his arrest falls within the scope of that statute, requiring

4

mandatory detention based solely on his arrest and charge, the Court finds that detention without the opportunity for a bond hearing or any initial procedural protections violates Petitioner's Fifth Amendment due process rights.  Petitioner is constitutionally entitled to a bond hearing because he has been charged only, not convicted, of an applicable offense. In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court upheld the constitutionality of mandatory detention under Section 1226(c) for noncitizens who have been "*convicted* of" certain crimes. Id. at 518 (emphasis added); see also Hernandez-Lara v. Lyons, 10 F.4th 19, 35 (1st Cir. 2021) (explaining that Demore upheld mandatory detention as "applie[d] to a class of noncitizens who had already been *convicted* (beyond a reasonable doubt) of committing certain serious crimes." (emphasis added)).  Multiple courts in this circuit have held that noncitizens who are only *arrested* or *charged* remain entitled to a bond hearing. E.g., Doe v. Moniz, 800 F. Supp. 3d 203, 216 (D. Mass. 2025) (ordering bond hearing where detention under Section 1226(c) was predicated on a shoplifting arrest), appeal dismissed, No. 25-2095, 2025 WL 4722778 (1st Cir. Nov. 25, 2025); Alcantara Guerrero v. Wesling, No. 26-CV-10928, 2026 WL 931503, at *4 (D. Mass. Apr. 6, 2026) (same for assault and battery arrest and charge); Ataide Almeida v. Moniz, No. 26-CV-12207-AK (D. Mass. June 4, 2026) (same for arrest for drug trafficking and related charges).  As other courts explained, the Supreme Court's reasoning in Demore was limited to "address[ing] the Due Process rights of individuals whose convictions 'were obtained following the full procedural protections our criminal justice system offers.'" Doe, 800 F. Supp. 3d at 215-16 (quoting Demore, 538 U.S. at 513).  By contrast, where a noncitizen has only been arrested, he "has received no process as to his arrest or his detention." Id. at 216.  As applied here, Petitioner has been issued a charging document and arrest warrant, but Respondents do not contend that he has been convicted or received any concomitant procedural protections.  Accordingly, Demore does not dictate denial.

5

As to whether Petitioner's detention without a bond hearing violates the Due Process Clause, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319 (1976). See Hernandez-Lara, 10 F.4th at 27-28.  To succeed on his due process challenge, Petitioner must demonstrate: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 321.

The first factor, the private interest at stake, weighs heavily in Petitioner's favor. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  Because "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," United States v. Salerno, 481 U.S. 739, 755 (1987), civil "commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (quotation marks omitted). Petitioner has now been detained for weeks, where the Government controls his daily activities and keeps him from his family, community, and work.  This constitutes "a substantial deprivation of [his] liberty." Hernandez-Lara, 10 F.4th at 28.

The second factor focuses on the risk of erroneous deprivation of Petitioner's liberty interest, and the degree to which alternative procedures may ameliorate that risk. See Mathews, 424 U.S. at 335. "The risk of erroneous deprivation is particularly high when . . . Petitioner received no meaningful procedural safeguards." Cardoso v. Hyde, No. 25-CV-13935, 2026 WL 468200, at *3 (D. Mass. Feb. 19, 2026).  Here, the risk of erroneous deprivation is high because

6

Petitioner's detention is predicated solely on the charge of Assault in the Second Degree. He has not yet been afforded the opportunity to contest that charge or offered "the full procedural protections" of the United States' criminal justice system. <u>Demore</u>, 538 U.S. at 513.  In other words, Respondents essentially rely solely on the fact that Petitioner has been charged with an offense to keep him detained. <u>See Black v. Decker</u>, 103 F.4th 133, 152 (2d Cir. 2024) ("[T]he almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of Petitioners' private liberty interests.").

As to the third factor—the Government's interest—Respondents have not articulated any interest in Petitioner's continued detention, such as record evidence that Petitioner presents a flight risk or danger to the community, or how detention is necessary and tailored to addressing such concerns.  Moreover, "[a]lthough bond hearings necessitate some administrative burden, the cost of providing a bond hearing is minimal." <u>Cardoso</u>, 2026 WL 468200, at *3.  Respondents submit that should the Court find Petitioner's detention is governed by § 1226(a), an appropriate remedy is for the Court to order a bond hearing. [<u>See</u> Dkt. 8 at 4].

In sum, the <u>Mathews</u> factors weigh heavily in favor of relief.  Petitioner's significant liberty interest, together with the substantial risk of erroneous deprivation from being detained based solely on an arrest and charge, outweighs any administrative burden associated with providing a bond hearing.  Because Petitioner's continued detention violates his procedural due process rights under the Fifth Amendment, he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). <u>See Doe</u>, 800 F. Supp. 3d at 217.

## IV.    CONCLUSION

Accordingly, Petitioner's Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten (10) calendar days** of this Order subject to any requests for continuance by Petitioner.  The parties are **ORDERED**

to file a status report within **fourteen (14) calendar days** of this Order stating whether Petitioner has been granted a bond hearing.

      **SO ORDERED.**

Dated: July 16, 2026
                        /s/ Angel Kelley
                        Hon. Angel Kelley
                        United States District Judge